UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TEVON NGOMBA, a/k/a "Chow,"<br><br>Defendant | Criminal No.  20cr10192<br><br>Violations:<br><br>Count One: Distribution of and Possession with Intent to Distribute 40 grams or more of Fentanyl (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))<br><br>Count Two: Possession with Intent to Distribute Fentanyl (21 U.S.C. §§ 841(a)(1) and (b)(1)(C))<br><br>Count Three: Felon in Possession of Firearm and Ammunition (18 U.S.C. § 922(g)(1))<br><br>Drug Forfeiture Allegation: (21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation: (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Distribution of and Possession with Intent to Distribute
40 or More Grams of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The Grand Jury charges:

On or about July 16, 2020, in the District of Massachusetts, and elsewhere, the defendant,

TEVON NGOMBA, a/k/a "Chow,"

did knowingly and intentionally distribute and possess with intent to distribute 40 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-

1

piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

## COUNT TWO

Possession with Intent to Distribute Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

On or about August 3, 2020, in the District of Massachusetts, and elsewhere, the defendant,

TEVON NGOMBA, a/k/a "Chow,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
### Felon in Possession of Firearm and Ammunition
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about August 3, 2020, in the District of Massachusetts, and elsewhere, the defendant,

### TEVON NGOMBA, a/k/a "Chow,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Ruger, .40 caliber pistol with obliterated serial number, and three rounds of .40 caliber S&W brand ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Section 841, set forth in Counts One and Two, the defendant,

TEVON NGOMBA, a/k/a "Chow,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following:

    a. $1,800, to be entered in the form of a forfeiture money judgment;

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States, Section 922(g)(1), set forth in Count Three, the defendant,

TEVON NGOMBA, a/k/a "Chow,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    b. one Ruger, .40 caliber pistol with obliterated serial number; and

    c. three rounds of .40 caliber S&W brand ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON


_____
KAITLIN R. O'DONNELL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: SEPTEMBER 15, 2020
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

9