IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Criminal No. <u>1:20-cr-10192-IT-1</u> |
| TEVON NGOMBA, a/k/a "Chow," | |
| Defendant. | |

**JOINT INITIAL STATUS REPORT AND**
**JOINT REQUEST TO CANCEL INITIAL STATUS CONFERENCE**

On September 15, 2020, a federal grand jury charged defendant Tevon Ngomba in a three-count indictment with the following charges: (1) distributing and possessing with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), (2) possessing with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (3) possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  *See* Dkt. No. 1.  The defendant was in state custody at the time of the indictment's issuance.

On November 4, 2020, and on November 9, 2020, the Court issued a writ of habeas corpus ad prosequendum.  Dkt. Nos. 7, 10.  On November 10, 2020, the defendant had his initial appearance and arraignment before the Honorable Judith G. Dein.  Dkt. Nos. 11, 12.  The court scheduled the parties for an initial status conference on January 6, 2021, and entered an order on excludable delay, pursuant to 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(B) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts, excluding the time from November 10, 2020 to January 6, 2021, in the interests of justice.  Dkt. No. 14.

Pursuant to Local Rule 116.5(a), the government submits the following status report, having conferred with, and received assent from, counsel for the defendant.  For the reasons set forth below, the parties jointly request that the Court cancel the Initial Status Conference on January 6, 2021, and set an Interim Status Conference in early March 2021.

### 1.  Automatic Discovery and Discovery Requests

The government has provided automatic discovery to the defendant.  There currently are no pending discovery requests from the defendant.  The defendant requests another six weeks to make any discovery requests.

### 2.  Timing of Additional Discovery

The government is in the process of obtaining additional discovery, which it will provide to the defendant upon receipt of that additional information.

### 3.  Protective Orders

The government does not anticipate filing a motion for a protective order at this time and reserves the right to address the need for a protective order in a future filing.

### 4.  Timing and Status of Pretrial Motions

The defendant has not filed any pretrial motions under Fed. R. Crim. P. 12(b) and reserves the right to file after additional review of the discovery.  Similarly, although the defendant has consented to a voluntary order of detention, he reserves the right to request to reopen detention proceedings.  *See* Dkt. No. 16.

### 5.  Timing and Status of Expert Witness Disclosures

The Court has not yet established a date for expert witness disclosures.  At this time, the government submits that its likely expert witnesses at trial will consist of drug, firearm, and interstate nexus agents and analysts.  Accordingly, the parties jointly propose that the

government's expert disclosures be due not less than 30 working days before trial and that the defendant's expert disclosures be due not less than 15 working days before trial.

### 6. Excludable Delay

All time has been excluded through the Initial Status Conference on January 6, 2021. Dkt. No. 14. The parties request that the Court further exclude time and enter an order of excludable delay from January 6, 2021, to the date of the next Interim Status Conference, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv). Excluding such time is in the interests of justice because the government is in the process of obtaining additional discovery, and also, the defendant will need that time to review discovery, assess and file any pretrial motions, and prepare for a possible trial. The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and thus the ends of justice served by excluding this period outweigh the public and defendant's interest in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

### 7.  Timing of Interim Status Conference

The Court should set an Interim Status Conference for a date in early March 2021.  The parties respectfully request that the Court waive the Initial Status Conference, set for January 6, 2021.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By: */s/ Kaitlin R. O'Donnell*
Kaitlin R. O'Donnell
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210
617-748-3645
Kaitlin.odonnell@usdoj.gov

Dated: December 30, 2020

<u>Certificate of Service</u>

I, Kaitlin R. O'Donnell, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing on the defendant's attorney by electronic filing.

<u>/s/ Kaitlin R. O'Donnell</u>
Kaitlin R. O'Donnell
Assistant U.S. Attorney

Date: December 30, 2020