UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| v. | * | Criminal Action No. 1:20-cr-10192-IT |
| | * | |
| TEVON NGOMBA, | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

May 13, 2022

TALWANI, D.J.

Defendant Tevon Ngomba moves for reconsideration of the court's <u>Memorandum and Order</u> [Doc. No. 114] denying his <u>Motion to Suppress Evidence</u> [Doc. No. 105]. Mot. for Reconsideration [Doc. No. 124]. "A district court may grant a motion for reconsideration 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" <u>United States v. Cintron</u>, 724 F.3d 32, 36 n.5 (1st Cir. 2013) (quoting <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009)). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." <u>Id.</u>

In his <u>Motion to Suppress Evidence</u> [Doc. No. 105], Ngomba argued that law enforcement had not obtained consent to search his girlfriend's Acura and that the gun found inside a white bag in the Acura should therefore be suppressed. The court concluded that no

consent was required where law enforcement had probable cause to search the Acura. That

probable cause was based on the facts that

> (1) Ngomba had arrived at the scene in the Acura for a suspected gun deal; (2) Ngomba appeared to retrieve the gun from the white bag in the Acura mid-deal and then showed it to the [confidential informant ("CI")]; (3) Ngomba did not leave the gun in the CI's car; (4) Ngomba returned to the Acura and opened the trunk and the passenger door before running back towards the CI's car; and (5) Ngomba was detained with the $1,500 in hand but no gun.

Mem. & Order [Doc. No. 114].

Ngomba argues that this decision was based on a manifest error of fact. Specifically, the

report of the Somerville Police Department ("SPD") about the incident notes that Ngomba

accessed the trunk of the Acura after the gun deal with the CI, but the report of the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") does not.[1] And where the ATF report

omitted this fact, Ngomba argues that there is a factual dispute that undermines a finding of

probable cause.

First, there is no material factual dispute. The variation between the reports is at most an

omission in the ATF report, not an inconsistency. And that omission can be ascribed to the fact

that the law enforcement agents had different vantage points and played different roles in the

investigation.

Second, the omission is irrelevant. In evaluating probable cause, the pertinent inquiry is

"the collective information known to the law enforcement officers participating in the

investigation," not what is known by any individual officer. United States v. Azor, 881 F.3d 1, 8

(1st Cir. 2017). Even if the ATF agents and the SPD officers made and recorded different

---

[1] At one point, Ngomba's brief states that "[t]he SPD report did not list him as ever going into the truck." The court understands this to be a typographical error, given that the remainder of his argument is based on the premise that the ATF report, not the SPD report, omitted this fact.

observations, that does not alter the fundamental facts underlying the court's finding of probable cause. Specifically, Ngomba arrived in the Acura for a gun deal, went to the trunk of the Acura in the middle of the deal, and then returned to the Acura after the deal. Ngomba did not leave the gun in the CI's car, and no gun was recovered on Ngomba's person shortly after the deal ended. The only place that Ngomba went between leaving the CI's car and being detained by law enforcement was the Acura. These facts sufficiently support a finding of probable cause to search the Acura for a gun.

Ngomba's Motion for Reconsideration [Doc. No. 124] is accordingly DENIED.

IT IS SO ORDERED.

May 13, 2022                                          /s/ Indira Talwani
                                                     United States District Judge

3